**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **W.H. and B.H.**

**No. 22-856** (Preston County 21-JA-94 and 21-JA-95)

**MEMORANDUM DECISION**

Petitioners—Mother T.H.[1] and the children's guardian ad litem—appeal the Circuit Court of Preston County's October 24, 2022, order granting equal custody of W.H. and B.H. to both parents.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the circuit court's October 24, 2022, order and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In August 2021, the DHHR filed a petition that alleged that respondent father S.H.'s ("the father")[3] volatile behavior and excessive corporal punishment caused the children emotional, psychological, and potential physical abuse and/or neglect. The petition further alleged that petitioner mother ("the mother") failed to protect the children from the father's conduct, in addition to alleging domestic violence between the parents and that the parents abused alcohol and marijuana.

At a hearing in November 2021, the court granted the mother a preadjudicatory improvement period. The following month, the father stipulated to engaging in excessive corporal punishment that constituted physical abuse and resulted in injury to B.H. The court then granted the father a post-adjudicatory improvement period, after which it held a series of review hearings

---

[1]Petitioner Mother appears by counsel Hilary M. Bright. Counsel Kristen D. Antolini appears as the children's guardian ad litem, and is a co-petitioner herein. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Respondent Father S.H. appears by counsel Kevin T. Tipton.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]S.H. is the biological father of W.H. Although S.H. is not the biological father of B.H., he is B.H.'s stepfather. The court found that he was a psychological parent to this child. Accordingly, we refer to him as "the father" throughout this memorandum decision.

on the improvement periods over the next several months, culminating in a hearing in March 2022. According to the parties, at that time the court dismissed the matter against the mother and placed the children in her legal and physical custody. It appears from the record that the father was later successful in his improvement period. As such, the parties were ordered to submit proposed parenting plans to allocate custodial responsibility between the separated, and subsequently divorced, parents. Because the parties could not agree on custodial allocation, the court held a hearing in September 2022 to establish a parenting plan. During that hearing, counsel for the father expressed a desire to present witnesses and evidence, while the mother's counsel filed a disclosure of potential witnesses and exhibits to introduce in support of custodial allocation. However, the court "stated that it did not believe that the presentation of witnesses is necessary." The court then continued the matter so that it could finalize a parenting plan. At the final hearing in October 2022, without permitting any party to call witnesses or introduce any other evidence, the court imposed a parenting plan granting joint legal custody to the parents under specific terms and conditions that are not relevant to the resolution of this appeal. In allocating custodial responsibility, the circuit court failed to discuss any of the required factors from West Virginia Code §§ 48-9-206, -207, or -209, as more fully addressed below. It is from the October 24, 2022, order allocating custodial responsibility that petitioners appeal.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, we have explained that

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the . . . case [will be] remanded for compliance with that process.

Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

Here, it is clear that vacation and remand are required because the court failed to consider any of the statutorily required factors. We have explained as follows:

> "A circuit court is obligated to apply the factors and considerations set forth in West Virginia Code §§ 48-9-206 (2018) and -207 (2001) in allocating custodial and decision-making responsibilities when reunifying children subject to abuse and neglect proceedings with parents . . . who are no longer cohabitating at the close of the proceedings. Where findings of abuse and/or neglect have been established, the circuit court must further employ the mandatory considerations and procedures set forth in West Virginia Code § 48-9-209 (2016), in order to protect the children from further abuse and/or neglect."

*See* Syl. Pt. 5, in part, *In re T.M.*, 242 W. Va. 268, 835 S.E.2d 132 (2019). Without specifically addressing all of the factors set forth in those statutes, we note that West Virginia Code § 48-9-209(b) requires courts to "impose limits that are reasonably calculated to protect the child . . . from harm" when a parent has abused or neglected a child. As set forth above, the father was adjudicated

for abusing and neglecting the children while the mother was not. This is an important factor to consider in such situations, and the Legislature has mandated that circuit courts take measures to protect children from additional harm.

Petitioners are correct that the circuit court's failure to permit the parties to present evidence and witnesses on the issue of custodial allocation was clearly erroneous. According to West Virginia Code § 49-4-604(a), in proceeding to hold a dispositional hearing, the court must "giv[e] both the petitioner and respondents an opportunity to be heard." Further, West Virginia Code § 49-4-601(h) provides, in relevant part, as follows: "Right to be heard. -- In any proceeding pursuant to this article, the party or parties having custodial or other parental rights or responsibilities to the child shall be afforded a meaningful opportunity to be heard, *including the opportunity to testify and to present and cross-examine witnesses*." (Emphasis added). As we have explained, "[b]oth our statutory and case law unequivocally require that parents . . . be afforded a meaningful opportunity to be heard. This necessarily includes the right to testify and to present witnesses, as well as to cross-examine witnesses in any abuse and neglect proceeding." *In re T.S.*, 241 W. Va. 559, 564, 827 S.E.2d 29, 34 (2019). Finally, West Virginia Code § 48-9-206(d) provides as follows: "In the absence of an agreement of the parents, the court's determination of allocation of custodial responsibility under this section shall be made pursuant to a final hearing, *which shall be conducted by the presentation of evidence*." (Emphasis added). Accordingly, we must vacate the court's order and remand the matter with instructions for the court to hold a hearing and permit the parties to exercise their right to be heard—including presenting and cross-examining witnesses—followed by the entry of a new order directly addressing the relevant statutory factors.

For the foregoing reasons, we vacate the circuit court's October 24, 2022, order allocating custodial responsibility and remand this matter to the circuit court for further proceedings as directed by this memorandum decision. The court is further directed to undertake any additional proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code. The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated and Remanded, with directions.

**ISSUED**: October 25, 2023


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn